## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Bankruptcy Judge Elizabeth E. Brown

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHRISTOPHER LEE HOOPES | ) | Bankruptcy Case No. 11-17449 EEB |
| and ROSWITTA ELEANORE HOOPES, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| JAMES BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 11-01387 EEB |
| | ) | |
| CHRISTOPHER LEE HOOPES, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## ORDER GRANTING MOTION TO DISMISS
_____

THIS MATTER comes before the Court on Defendant's Motion to Dismiss, the Response thereto filed by Plaintiff James Beard ("Beard"), and the Reply filed by Defendant. For the reasons discussed below, the Court finds that the Motion to Dismiss should be GRANTED.

In his complaint, Beard alleges that he and Defendant formed a partnership to build a residence, and agreed to split the profit and overhead from the project. Beard claims that Defendant received $164,000 from the project, but only paid Beard $42,180. Beard has asserted one claim against Defendant under 11 U.S.C. § 523(a)(4). Defendant filed his Motion to Dismiss pursuant to *Stern v. Marshall*, 131 S.Ct. 2594 (2011), and Fed. R. Civ. P. 9(b), made applicable to these proceedings by Fed. R. Bankr. P. 7009. This Court need not address those arguments, however, because Beard's claim must be dismissed under Fed. R. Civ. P. 12(b)(6), made applicable to these proceedings by Fed. R. Bankr. P. 7012.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007)(internal citations omitted). Beard's sole claim against Defendant is for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, under 11 U.S.C. § 523(a)(4). Beard states that

Defendant breached a fiduciary duty by failing to account for the funds he received from the management of the project.  Beard cites *Hooper v. Yoder*, 737 P.2d 852 (Colo. 1987), for the proposition that in a partnership, the partners owe a fiduciary duty to each other. However, the fiduciary relationship required for purposes of § 523(a)(4) is stricter than that required by Colorado law, and partnerships do not create § 523 (a)(4) fiduciary duties. *In re Woods*, 284 B.R. 282, 288 (D. Colo. 2001).  There is nothing in Beard's complaint that alleges an express or technical trust, as required under  *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367 (10th Cir. 1996) to establish a fiduciary relationship under § 523(a)(4).   There is also nothing in his complaint to support a claim for relief under the larceny or embezzlement portion of § 523(a)(4).

Defendant has shown that Beard has failed to state a claim upon which relief may be granted under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12.  Accordingly, the Court hereby

ORDERS that the Motion to Dismiss is GRANTED.

DATED this 14th day of November, 2011.

BY THE COURT:

_____

Elizabeth E. Brown, Bankruptcy Judge